OCTAVE FOURNIER *vs.* MARGARET E. FOURNIER.

FEBRUARY 11, 1955.

PRESENT: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

O'CONNELL, J. This is a petition by a husband for an absolute divorce alleging that the respondent wife was guilty of extreme cruelty. The case is before us on the petitioner's sole exception to the decision of a justice of the superior court denying and dismissing the petition.

The petitioner testified that his wife had thrown a flat-iron at him; that on three occasions she had thrown a lamp at him, one of which bounced off his head; that she had bitten his thumb on another occasion; and that once during an argument she had told him "I will kill you." However, he relied primarily on another alleged act of cruelty when he claimed his wife had poured a kettle of boiling water on him. He testified that this incident occurred sometime in August 1953 just after he had come home from work, during an argument over a trip which his wife had taken to Bermuda; that in consequence of such action on the part of his wife he was severely burned, requiring hospitalization on the same day and treatment thereafter almost every day for a period of six or seven weeks; and that he has two scars on his arm as a result of such burning.

The respondent, who was given the custody of two minor daughters, denied the acts and the threats attributed to her by petitioner with certain exceptions. She admitted that she once threw a lamp, which did not strike him; that she bit his hand while he held it over her mouth to stop her from "hollering" for help as he was beating her violently to the extent of drawing blood from her nose; that during a quarrel following certain insinuations and a dare from him she impulsively took a kettle of boiling water and threw it at him. As to the incident last mentioned she explained she was overwrought and that at the time she had told him

478

she was "terribly sorry." The respondent further testified that her husband had beaten her many times during the preceding year, as a result of which she had received black eyes, a bruised cheek, a swollen mouth, and a bruised ear, and that he frequently "browbeat" her with the result that she became very nervous necessitating treatment by a physician. In many of these charges she was corroborated by one of her minor daughters.

In his decision the trial justice carefully analyzed the testimony and concluded in effect that petitioner's conduct toward his wife had "contributed substantially to the marital discord here." He therefore held that petitioner did not come into court "with clean hands" and that the case did not "present a situation where he [petitioner] has made reasonable efforts to make this marriage a success, but has substantially contributed to its discord by physical acts of personal cruelty himself."

We have examined the transcript and we cannot say that the trial justice has either misconceived the evidence or that his decision was clearly wrong. In such circumstances the decision must stand.

The petitioner's exception is overruled, and the case is remitted to the superior court for further proceedings.

*William R. Goldberg, Moses Kando,* for petitioner.

*Thomas F. Vance, Jr.,* for respondent.